**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NORA STEWART,

              Plaintiff,

      v.

DEBORAH LEWIS, ALBERT SANTUCCI,
AMAZON.COM, INC. and AMAZON
LOGISTICS, INC.,

              Defendants.

No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Amazon") hereby give notice of removal of this action from the Court of Common Pleas of Butler County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Removal to this Court is proper because (1) this Court has jurisdiction over the case under 28 U.S.C. § 1331, and (2) the Western District of Pennsylvania is the district embracing the place where the state-court litigation is pending.  Amazon appears specifically for the purpose of removal and preserves any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure.  In support of this Notice of Removal, Amazon states as follows:

1.      On August 15, 2018, Plaintiff Nora Stewart filed a writ of summons against Deborah Lewis, Albert Santucci (together with Lewis, the "Homeowner Defendants"), and Amazon in the Court of Common Pleas of Butler County, Pennsylvania, bearing the case number 2018-10764.  *See* Ex. A, Praecipe for Writ of Summons – Civil Action, August 15, 2018 (the "Writ of Summons").  On or about November 13, 2018, Plaintiff served Amazon with the Writ of Summons via personal service.  *See* Ex. B, Notice of Service of Process.  The Writ of

Summons stated only that Plaintiff "has commenced an action in Civil Action against you which you are required to defend."  *See* Ex. A, Writ of Summons.

2.      On June 17, 2019, Plaintiff filed her complaint (the "Complaint") in the Court of Common Pleas of Butler County, Pennsylvania.  *See* Ex. C, Compl.  On or about the same day, Plaintiff served Amazon with a copy of the Complaint via first class mail.  *See id.* (opposing counsel certifying that service upon all parties was completed by first class mail).

3.      The Complaint asserts claims against Amazon for alleged violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Worker's Compensation Act, and the Pennsylvania Wage Payment and Collection Law.  *See* Ex. C, Compl. ¶¶ 42-53.  As part of each of these claims, Plaintiff seeks to challenge her classification as an independent contractor for Amazon. *See id.* ¶ 6.

4.      This civil action is removable to this Court under 28 U.S.C. § 1441(a).  This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because the Complaint alleges violations of the FLSA.  *See, e.g.*, Ex. C, Compl. ¶ 51 (quoting statutory requirements of the FLSA); *id.* ¶ 52.  This Court also has supplemental jurisdiction over Stewart's state law claims against Amazon pursuant to 28 U.S.C. § 1367(a) because Stewart's claims under the Pennsylvania Wage Payment and Collection Law and Worker's Compensation Act, like her claims under the FLSA, depend, in part, on the Court's determination of her employment classification.

5.      The Complaint also alleges a separate and distinct state-law claim for negligence against the Homeowner Defendants, who are alleged to be citizens of Pennsylvania.  *See* Ex. C, Compl. ¶¶ 2-3, 39-41.  This claim, which is brought exclusively against citizens of Pennsylvania, is "not within the original or supplemental jurisdiction" of this Court, 28 U.S.C. § 1441(c)(1)(B),

as it arises under state law and does not turn on the same nucleus of operative facts as her claims against Amazon.  *See* Ex. C, Compl. ¶ 41 (alleging Homeowner Defendants failed to maintain their driveway in a safe condition thereby causing injuries to Plaintiff).  Specifically, Stewart's negligence claim does not turn on her status as an independent contractor or employee, or otherwise hinge on her employment relationship with Amazon.

6.      Nonetheless, pursuant to 28 U.S.C. § 1441(c)(1), this "entire action may be removed" because "the action would be removable without the inclusion of the claim" against the Homeowner Defendants.  "Upon removal," Amazon respectfully submits that this Court should sever the claim against the Homeowner Defendants from the action and remand the severed claim to the Court of Common Pleas of Butler County, Pennsylvania pursuant to § 1441(c)(2) ("Upon removal of an action [arising under the Constitution, laws or treaties of the United States], the district court shall sever from the action all claims [not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court from which the action was removed.").  *See also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or *on its own*, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.") (emphasis added).

7.      Pursuant to 28 U.S.C. § 1441(c)(2), the Homeowner Defendants are not "required to join in or consent to the removal."  *See also Moore v. City of Philadelphia*, Civ. A. No. 12–3823, 2012 WL 3731818, at *4 (E.D. Pa. Aug. 29, 2012) ("[W]here a case involves both federal and state law claims, but where some of the defendants have no federal law claims against them, such defendants need not consent to removal.").

8.      Amazon has timely filed this notice of removal "within 30 days after the receipt . . . , through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Prior to the filing and service of the Complaint, Amazon was not aware of any facts giving rise to federal jurisdiction over this action.  The previously filed Writ of Summons is not an "initial pleading" and included no information about the claims Plaintiff was seeking to raise.  *See* Ex. A, Writ of Summons.  In any event, the Complaint was the pleading "from which it [could] first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  And this case has not been removed "more than 1 year after commencement of the action."  *Id.* § 1446 (c)(1).

9.      Removal to this Court is proper because Butler County is within the Western District of Pennsylvania.  *See* 28 U.S.C. §§ 118(c), 1446(a).

10.      A copy of the Writ of Summons and Complaint are attached as Exhibit A and Exhibit C, respectively, along with true and correct copies of all process, pleadings, and orders served upon Amazon as the date of this filing in accordance with 28 U.S.C. § 1446, which are attached as Exhibit D.  No other pleadings or orders have been served or filed in the state-court action.

11.      Consistent with 28 U.S.C. § 1446, Amazon is providing this Notice of Removal, which contains the requisite "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  This Notice of Removal has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *Id.*

12.      A copy of the Notice of Filing of this Notice of Removal is attached as Exhibit E. Promptly after filing this Notice of Removal, Amazon will serve the Notice of Filing of the

Notice of Removal on Stewart, and will file a copy with the Clerk of the Court of Common Pleas of Butler County, Pennsylvania, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Amazon removes the state-court action from the Court of Common Pleas of Butler County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Dated:  July 16, 2019                     Respectfully submitted,

/s/ Jason C. Schwartz
Jason C. Schwartz (D.C. Bar No. 465837)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
JSchwartz@gibsondunn.com


*Counsel for Defendants*
*Amazon.com, Inc. and Amazon Logistics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, the foregoing Notice of Removal was electronically filed with the Court's CM/ECF system.  Notice of this filing will be served by overnight mail, with courtesy copies sent via email, to the following parties:

G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburg, PA 15219
Telephone: (412) 454-5599
Email: gckesq@gmail.com

*Counsel for Plaintiff Nora Stewart*

Gregory P. Graham
MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
Telephone: (412) 803-1189
Email: GPGraham@MDWCG.com

*Counsel for Defendants Deborah Lewis*
*and Albert Santucci*

/s/ Jason C. Schwartz
Jason C. Schwartz (D.C. Bar No. 465837)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
JSchwartz@gibsondunn.com