IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORA STEWART, | ) |
| | ) |
| Plaintiff, | ) 2:19-cv-00847-NR |
| | ) |
| vs. | ) |
| | ) |
| DEBORAH LEWIS, et. al. | ) |
| | ) |
| Defendants. | ) |

## OPINION

**J. Nicholas Ranjan, United States District Judge**

This case presents two novel procedural questions under the amended removal statute, 28 U.S.C. § 1441. First, what happens when a plaintiff files a lawsuit in state court with a federal-question claim and completely unrelated state-law claims, and then the case is removed to federal court? Before 2011, district courts had discretion in how to deal with these hybrid cases, including the discretion to keep the entire case in federal court. Not anymore. The statute now tells courts exactly what they must do. Federal courts must retain the federal-question claim; and they then "shall" sever and remand the unrelated state-law claims, if those claims are not otherwise within the original and supplemental jurisdiction of the federal court. Following the amended statute and as discussed below, the Court shall retain jurisdiction over the federal-question claim (here, a claim under the FLSA); but since there is no independent jurisdiction over the state-law claims here (except for one state-law wage claim), the Court "shall" sever and remand those claims.

The second novel procedural question at play is: what's the proper vehicle to raise severance? A motion to remand the state-law claims filed by the removing defendant is likely the answer. But even if the defendant does not move to remand the state-law claims, Section 1441 makes clear that the district court has an independent obligation to address severance. This is important, because in some cases (arguably, this one) severance may not be tied to a jurisdictional defect, and thus if a remand motion is not timely filed within 30 days of removal, then it could be waived. But in the context of severance and remand of state-law claims under Section 1441(c), that cannot be the case, since district courts must independently address the issue of severance "upon removal." Thus, while Defendants here did not file a motion to remand and Plaintiff requests remand only if all of her claims are remanded together, that is of no consequence. This Court, exercising its independent duty to sever and remand state-law claims under Section 1441(c), hereby severs and remands Counts I & II of the complaint in this case to state court.

1

I. **Background**

This is a hybrid personal injury and employment action, in which Plaintiff Nora Stewart asserts claims for negligence arising from a slip-and-fall accident (against the Homeowner Defendants), failure to provide workers' compensation benefits (against the Amazon Defendants), and violations of both the federal Fair Labor Standards Act ("FLSA") and Pennsylvania's analogous Wage Payment and Collection Law ("WPCL") (against the Amazon Defendants).[1] Following removal, the parties now dispute which of these claims may remain in federal court.

As alleged in the complaint, Ms. Stewart was a delivery driver for the Amazon Defendants who was injured when she twisted her ankle and fell in the Homeowner Defendants' driveway. Ms. Stewart contends that the Homeowner Defendants were negligent in failing to properly maintain their driveway. Separately, Ms. Stewart alleges that the Amazon Defendants failed to provide workers' compensation benefits and also owe her unpaid wages as a result of misclassifying her as an independent contractor, in violation of the FLSA and WPCL. [ECF 17].

Ms. Stewart initiated her lawsuit in the Court of Common Pleas of Butler County (Case No. 18-10764) by writ of summons filed on August 15, 2018. [ECF 1-3]. On June 17, 2019, she filed her currently operative complaint against all Defendants. [ECF 1-1]. Based on Ms. Stewart's FLSA claim, and pursuant to 28 U.S.C. § 1441, Amazon timely removed the case to this Court on July 16, 2019. [ECF 1]. In its notice of removal, Amazon also suggested that 28 U.S.C. § 1441(c)(2) required the Court to sever and remand Ms. Stewart's negligence claim against the Homeowner Defendants "upon removal." [ECF 1 at ¶ 6]. The Homeowner Defendants then filed a "Response to Notice of Removal" on July 23, 2019, joining in Amazon's request that the Court sever and remand Ms. Stewart's negligence claim. [ECF 7].

On August 15, 2019, Ms. Stewart filed a "Motion to Remand This Action or, in the Alternative, to Not Sever the Claims Against Homeowner Defendants." [ECF 13]. In her motion, Ms. Stewart asserted that it was "in the interests of judicial economy to either remand the entire action to the Court of Common Pleas of Butler County or, in the alternative, to retain jurisdiction over the entire case, so that in whatever forum this case lands, it lands whole and intact, with no parts severed." [ECF 13 at pp. 1-2; ECF 14]. Ms. Stewart also argued that her workers' compensation claim is nonremovable pursuant to 28 U.S.C. § 1445(c). [ECF 14].

Defendants filed timely responses in accordance with the briefing schedule set by the Court. [ECF 15; ECF 16; ECF 17]. All Defendants argued that the Court had jurisdiction over Ms. Stewart's FLSA claim, but was required to sever and remand her negligence claim in accordance with 28 U.S.C. § 1441(c)(2). [ECF 16; ECF 17]. The Amazon Defendants further argued that the Court should dismiss (or, alternatively, remand) Ms. Stewart's workers' compensation claim, on the grounds that, in addition to being nonremovable under Section

---

[1] *See* Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 961 (Pa. Super. 2011) ("Because the WPCL is analogous to the federal Fair Labor Standards Act … this Court has examined federal cases interpreting the FLSA.").

1445(c), such claims may only be asserted by petition to the Pennsylvania Workers' Compensation Bureau. [ECF 17].

II. **Discussion & Analysis**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[L]ower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (internal quotation marks and citation omitted). Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis." Id. (citation omitted).

In 28 U.S.C. § 1331, Congress granted federal courts original jurisdiction over cases "arising under" federal law. The power to hear such cases is commonly referred to as "federal-question" jurisdiction, Home Depot U.S.A., Inc., 139 S.Ct. at 1746, which Amazon asserts as the basis for its removal of this action. [ECF 17]; *see* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). More specifically, Amazon contends that this Court may properly exercise federal-question jurisdiction over Ms. Stewart's FLSA claim.

Following removal, Defendants did not move to remand the state-law claims. Instead, Ms. Stewart moved to remand this entire action to state court. "Remand to state court is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Hoffman v. Nutraceutical Corp., 563 Fed. Appx. 183, 185 (3d Cir. 2014) (internal quotation marks omitted); 28 U.S.C. § 1447(c). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Van Scyoc v. Equitrans, L.P., 255 F. Supp. 3d 636, 639 (W.D. Pa. 2015) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). "The federal removal statute … is strictly construed, requiring remand if any doubt exists over whether removal was proper." Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA, 779 F.3d 214, 218 (3d Cir. 2015). However, the Court must also proceed with appropriate caution, "lest it erroneously deprive a defendant of the right to a federal forum." Hunter v. Greenwood Tr. Co., 856 F. Supp. 207, 211 (D.N.J. 1992).

The Court will consider the parties' arguments with respect to each of Ms. Stewart's claims in turn, beginning with her FLSA claim.

**A. The Court Will Retain Jurisdiction Over Ms. Stewart's FLSA Claim Against the Amazon Defendants.**

First, the Court has little difficulty concluding that Ms. Stewart's FLSA claim against the Amazon Defendants should remain in federal court. [ECF 1]. "Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that 'federal law creates the cause of action.'" Metro. Life Ins. Co. v. Price, 501 F.3d 271, 276 (3d Cir. 2007) (*citing* Franchise Tax

3

Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983)). Ms. Stewart alleges that the Amazon Defendants have violated specific provisions of the FLSA and that she is entitled to relief authorized by 29 U.S.C. § 216(b). Thus, a federal statute directly "creates the cause of action," ending the inquiry. Id.

Notably, Ms. Stewart does not identify any legal basis for the Court to deny Amazon its "right to a federal forum for this case." Koresko v. Murphy, 464 F. Supp. 2d 463, 469 (E.D. Pa. 2006); Home Depot U. S. A., Inc., 139 S. Ct. at 1746 ("Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights[.]'") (citation omitted). In fact, she outright concedes that "there is no bar to removal of a suit under the FLSA from state to federal court," and indicates that she "does not contest removal, so long as all claims remain with this Court." [ECF 14 at pp. 2-3]. Clearly, a litigant's mere preference to prosecute her claims in a single forum cannot overcome the plain language of the removal statute, which gives the Amazon Defendants a right to defend against federal claims in a federal forum. Thus, irrespective of whether the Court can retain Ms. Stewart's other claims, jurisdiction over her FLSA claim is proper.

The Court will also exercise supplemental jurisdiction over Ms. Stewart's claim under the analogous WPCL, which is based on the exact same allegations. *See* 28 U.S.C. § 1367; Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (explaining that it is "obvious" that a district court can exercise supplemental jurisdiction "when the same acts violate parallel federal and state laws[.]"); Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 961 (Pa. Super. 2011) (noting that "the WPCL is analogous to the federal Fair Labor Standards Act[.]"); *see, e.g.* Goldman v. RadioShack Corp., No. 2:03-cv-0032, 2003 WL 21250571, at *2-3 (E.D. Pa. Apr. 16, 2003) (exercising supplemental jurisdiction over WPLC claim in an FLSA action).

### B. The Court Will Sever and Remand Ms. Stewart's State-Law Negligence Claim Against the Homeowner Defendants Pursuant to 28 U.S.C. § 1441(c)(2).

Next, Defendants argue that 28 U.S.C. § 1441(c)(2) requires the Court to sever and remand Ms. Stewart's state-law negligence claim against the Homeowner Defendants "upon removal." The Court agrees.

#### i. *Section 1441(c)(2) requires the Court to sever and remand claims that are not within the Court's original or supplemental jurisdiction.*

Only a handful of district courts have had occasion to interpret this particular provision of the removal statute since it was amended by Congress in 2011, and often only in passing. *See* Shaw v. Ring Power Corp., 917 F. Supp. 2d 1221, 1223–24 (N.D. Fla. 2013); Deem v. Vill. of Pomeroy, Ohio, No. 2:13-cv-1160, 2014 WL 2767608, at *3 (S.D. Ohio June 18, 2014); Doyle v. California Dep't of Corr. & Rehabs., No. 12-cv-2769, 2014 WL 5524452, at *4 (N.D. Cal. Oct. 31, 2014); Green v. Ross Island Sand & Gravel Co., No. C 13-05431, 2014 WL 262133 (N.D. Cal. Jan. 23, 2014); Harjo v. City of Albuquerque, 307 F. Supp. 3d 1163, 1223 n. 26 (D.N.M. 2018). However, despite the lack of guiding precedent, the statutory text is clear.

The relevant subparagraph, Section 1441(c)(2), provides as follows:

> Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(2).

A claim "described in paragraph (1)(A)" is a claim "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A). In other words, it is a claim that falls within the Court's federal-question jurisdiction under 28 U.S.C. § 1331.

On the other hand, a claim "described in paragraph (1)(B)" is a claim that is either "not within the original or supplemental jurisdiction of the district court or otherwise "made nonremovable by statute." 28 U.S.C. § 1441(c)(1)(B).

Finally, an "action described in paragraph (1)" is a civil action that includes both types of claims—*i.e.*, a claim that falls within the Court's federal-question jurisdiction *and* a claim that is either not within the Court's jurisdiction or made nonremovable by statute. Section 1441(c)(1) provides that hybrid actions combining such claims may be removed in their entirety "if the action would be removable without the inclusion" of the nonremovable claim. 28 U.S.C. § 1441(c)(1).

In sum, then, Section 1441(c)(2) directs that, "upon removal" of any claim falling within this Court's federal-question jurisdiction, the Court "shall sever from the action" any additional claims that are either (1) not within the Court's original or supplemental jurisdiction, or; (2) made nonremovable by statute, and then "remand the severed claims to the State court from where the action was removed." 28 U.S.C. § 1441(c)(2); *see* Shaw, 917 F. Supp. 2d at 1223–24 ("The new statute provides that, upon removal of such a case, the district court 'shall sever' the otherwise-nonremovable claims 'and shall remand the severed claims' to state court.").

Here, it is clear that Ms. Stewart's negligence claim against the Homeowner Defendants is a creature of state law that is not within the Court's original jurisdiction. The only remaining question, then, is whether the Court can exercise supplemental jurisdiction over Ms. Stewart's negligence claim alongside its original jurisdiction over her FLSA claim. If it cannot, Section 1441(c)(2) will compel severance and remand to state court.

   ii. *The Court cannot exercise supplemental jurisdiction over Ms. Stewart's negligence claim against the Homeowner Defendants.*

Pursuant to 28 U.S.C. § 1367(a), where original jurisdiction over at least one claim exists, the Court may exercise "supplemental" jurisdiction "over all other claims that are so related to claims in the action [within the Court's original jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see*

McNeilly v. City of Pittsburgh, 40 F. Supp. 3d 643, 655 (W.D. Pa. 2014). To satisfy the "same case or controversy" standard, a claim must meet three requirements.

First, the Court can only assert supplemental jurisdiction over a state-law claim if the related federal claim has "substance sufficient to confer subject matter jurisdiction." McNeilly, 40 F. Supp. 3d at 655. A claim is "insubstantial" when it is "absolutely devoid of merit or obviously frivolous." Sea-Land Serv., Inc. v. Lozen Int'l, LLC, 285 F.3d 808, 814 (9th Cir. 2002). Since the Court has already determined that it has original jurisdiction over Ms. Stewart's FLSA claim, and because her FLSA claim is not so "obviously frivolous" as to deprive the Court of federal-question jurisdiction, this requirement is satisfied.

Second, Ms. Stewart's state and federal claims must "derive from a common nucleus of operative facts." McNeilly, 40 F. Supp. 3d at 655. Unfortunately, "[t]he test for a 'common nucleus of operative facts' is not self-evident." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995). "[L]ike unhappy families, no two cases of supplemental jurisdiction are exactly alike." Id. Luckily, "[i]n most instances the question whether Article III is satisfied is not that close." Id. at 761. As "obvious" examples of sufficient factual nuclei, the Third Circuit has referred to circumstances "when the same acts violate parallel federal and state laws" or where state and federal claims are "merely alternative theories of recovery based on the same acts.'" Id. Conversely, courts "refus[e] to exercise supplemental jurisdiction over state claims totally unrelated to a cause of action under federal law." Id.

The Third Circuit's decision in Lyon is particularly instructive here. There, the Court held that the nexus between a plaintiff's federal FLSA claim (alleging that her former employer failed to pay overtime wages) and state contract & tort claims (alleging that her former employer failed to pay a promised bonus) was not sufficient to support the exercise of supplemental jurisdiction over the state law claims. Id. at 763. The Court explained that the plaintiff's FLSA claim "involved very narrow, well-defined factual issues about hours worked during particular weeks," while "[t]he facts relevant to her state law contract and tort claims … were quite distinct." Id. Specifically, the plaintiff's state law claims were premised on the factually distinct "alleged underpayment of a bonus and … refusal to pay the bonus if [the plaintiff] started looking for another job." Id. Under these circumstances, the Court found that there was "so little overlap between the evidence relevant to the FLSA and state claims, that there [was] no 'common nucleus of operative fact' justifying supplemental jurisdiction[.]" Id.

Here, the nexus between Ms. Stewart's state law negligence claim and federal FLSA claim is even more attenuated. In fact, it is nonexistent. In her negligence claim against the Homeowner Defendants, Ms. Stewart alleges that, while delivering an Amazon package to the Homeowner Defendants' house, her "ankle twisted and she fell at or near the rear passenger side of her vehicle on a[n] uneven surface and/or rocks." [ECF 1-1 at ¶ 34]. Ms. Stewart contends that the Homeowner Defendants were negligent in (1) "failing to maintain the driveway … in a safe condition," (2) "failing to properly inspect the driveway…," (3) "failing to maintain the premises…," and (4) "failing to keep path/driveway … in a reasonable state of repair[.]" [ECF 1-1 at ¶ 41].

6

In contrast, Ms. Stewart's FLSA claim against the Amazon Defendants has nothing to do with the condition of the Homeowner Defendants' driveway. Instead, Ms. Stewart alleges that she is "entitled under FLSA to wages for time spent performing required procedures before and after her scheduled four (4) hour delivery block of time." [ECF 1-1 at ¶ 52]. More specifically, she asserts that the Amazon Defendants unlawfully require their delivery drivers to conduct certain pre- and post-trip activities without compensation, such as loading packages into their personal vehicles. [ECF 1-1 at ¶¶ 49-51]. Aside from the fact that Ms. Stewart was working for Amazon at the time of her alleged injury, the Court discerns no connection between these two entirely different legal claims, asserted against two entirely different defendants, and likely involving entirely different factual issues, witnesses, and evidence.

Numerous courts, including the Third Circuit, have recognized that, for purposes of establishing supplemental jurisdiction, the existence of an employment relationship alone is insufficient to create a nexus between two otherwise unrelated claims against a litigant's employer—let alone against the employer and an entirely unrelated defendant, such as the Homeowner Defendants here. *See, e.g.* Lyon, 45 F.3d at 764 ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships."); Williams v. Long, 558 F. Supp. 2d 601, 604 (D. Md. 2008) ("Federal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of a FLSA suit where the only connection is the employee-employer relationship."); Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007) ("Plaintiff's employment relationship is insufficient to create a 'common nucleus of operative fact' where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims. As such, plaintiff's remaining state law claims do not form part of the same case or controversy as plaintiff's FLSA overtime claim[.]"); Benton v. Kroger Co., 635 F. Supp. 56, 59 (S.D. Tex. 1986) ("Alleged incidents of sexual harassment or gender bias were entirely separate from the circumstances surrounding plaintiff's back injury. These separate events can hardly be grouped as the 'common nucleus of operative facts.'"); Hyman v. WM Fin. Servs., Inc., No. 06-cv-4038, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) ("Here, Plaintiffs are attempting to string together five unrelated state law claims to an FLSA overtime action. These five state law claims involve factual determinations that overlap little with their FLSA claim. Furthermore, as noted by the *Lyon* court, exercising supplemental jurisdiction over these claims would likely contravene Congress's intent in passing the FLSA.").

Thus, the Court concludes that Ms. Stewart's state law negligence claim against the Homeowner Defendants does not share a "common nucleus of operative fact" with her federal FLSA claim against the Amazon Defendants.

Finally, because the Court has concluded that Ms. Stewart's negligence and FLSA claims do not share the requisite factual nexus, there is no need for the Court to consider the third requirement of supplemental jurisdiction; namely, that her federal and state claims "must be such that they would ordinarily be expected to be tried in one judicial proceeding." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102 (3d Cir. 1995); *see, e.g.* Lyon, 45 F.3d at 760

7

("Because we find that there was an insufficient factual nexus between the federal and state claims to establish a common nucleus of operative facts, we will not consider the 'one proceeding' arm of *Gibbs*."). Nevertheless, the Court sees no reason why these two distinct claims against two different sets of defendants would "ordinarily be expected" to be tried together. MCI Telecomm. Corp., 71 F.3d at 1102.

### iii. *The Court has an independent duty to sever and remand Ms. Stewart's negligence claim pursuant to 28 U.S.C. § 1441(c)(2).*

Returning to the removal statute in light of the analysis above, the Court finds that it cannot exercise either original or supplemental jurisdiction over Ms. Stewart's negligence claim. *See* 28 U.S.C. § 1441(c)(2); 28 U.S.C. § 1441(c)(1)(B). As discussed, 28 U.S.C. § 1441(c)(2) provides that the Court "shall" sever such a claim "upon removal" and "remand the severed claims to the State court from where the action was removed."

Although Defendants have not formally moved for severance and remand of Ms. Stewart's state-law claims, the statute's mandatory language contemplates severance of such claims as an automatic, almost ministerial act by the Court that must occur "upon removal." 28 U.S.C. § 1441(c)(2). "It is well-settled that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*, if necessary." Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC, 358 F. Supp. 3d 426, 432 (E.D. Pa. 2018) (internal quotation marks omitted). Severance of Ms. Stewart's negligence claim, which the Court has determined that it lacks the jurisdictional power to adjudicate, falls within the ambit of this responsibility. *See, e.g.* Shaw, 917 F. Supp. 2d at 1223 (severing and remanding state law workers' compensation claim *sua sponte* "upon removal" pursuant to Section 1441(c)(2)).

Moreover, other courts have interpreted similarly mandatory language to permit *sua sponte* enforcement. *Cf.* Davis v. Belmont Corr. Inst., No. 2:05-cv-1032, 2006 WL 840387, at *2 (S.D. Ohio Mar. 30, 2006) ("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. The statutory language, 'no action shall be brought' until all available remedies are 'exhausted,' should be interpreted to mean precisely what is obviously intended-that a federal court should not prematurely 'decide' the merits of any such action."); Chavez v. Robinson, 817 F.3d 1162, 1167 (9th Cir. 2016) ("Section 1915 requires a court to dismiss an action 'at any time' if the defendant is entitled to immunity. … Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal—even if dismissal comes before the defendants are served.").

In any event, all parties have had ample notice of, and an opportunity to respond to, the issue of severance pursuant to Section 1441(c)(2). The Amazon Defendants first requested that the Court sever the negligence claim in their notice of removal. [ECF 1]. The Homeowner Defendants then filed a "Response to Notice of Removal" joining in that request. [ECF 7]. Most importantly, the parties' briefing on Ms. Stewart's motion, including her own briefing, focused chiefly on the severance issue. *See, e.g.* [ECF 13; ECF 14; ECF 16; ECF 17; ECF 18].

Accordingly, for all of the reasons set forth above and pursuant to 28 U.S.C. § 1441(c)(2), the Court orders that Ms. Stewart's state-law negligence claim against the Homeowner Defendants be severed from this action and remanded to the Court of Common Pleas of Butler County for further proceedings.

### C. The Court Will Sever and Remand Ms. Stewart's Workers' Compensation Claim Against the Amazon Defendants Pursuant to 28 U.S.C. § 1441(c)(2).

Finally, the Amazon Defendants argue that the Court should dismiss Ms. Stewart's workers' compensation claim or, alternatively, sever and remand it pursuant to 28 U.S.C. § 1441(c)(2) along with her negligence claim. The Court finds that remand, rather than dismissal, is the appropriate course.

Here, severance and remand of Ms. Stewart's workers' compensation claim is necessary, because such claims are "made nonremovable by statute." 28 U.S.C. § 1441(c)(1)(B). Specifically, 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Accordingly, Ms. Stewart's claim for unpaid workers' compensation benefits is, like her negligence claim, a claim "described in paragraph (1)(B)" of Section 1441(c), which the Court is required to sever and remand to state court "upon removal" of her FLSA claim.

But the Amazon Defendants argue that the Court should go one step further, and dismiss Ms. Stewart's workers' compensation claim rather than remanding it. Specifically, they argue that her claim was "wrongfully brought" as a lawsuit in the Court of Common Pleas, rather than as a petition to the Workers' Compensation Bureau. [ECF 17 at pp. 4-6].

The Court acknowledges that the Amazon Defendants make a compelling argument for the eventual dismissal or transfer of this claim. Indeed, under Pennsylvania law, workers' compensation claims "must be brought exclusively before the Worker's Compensation Bureau with an eventual right of appeal to the Commonwealth Court." Zenith Ins. Co. v. Wells Fargo Ins. Servs. of Pennsylvania, Inc., No. CIV.A. 10-5433, 2012 WL 6609003, at *2 (E.D. Pa. Dec. 19, 2012); see 77 Pa. Stat. Ann. § 481; Wardlaw v. City of Philadelphia St.'s Dep't, 378 F. App'x 222, 225 (3d Cir. 2010) ("[T]he exclusivity clause of that act bars civil actions and other provisions of that act set up the system for administering worker's compensation claims in Pennsylvania."); Kortyna v. Lafayette Coll., 47 F. Supp. 3d 225, 244 (E.D. Pa. 2014) ("In Pennsylvania, the WCA provides the exclusive remedy for employee work-related injuries."). Furthermore, 77 Pa. Stat. Ann. § 712 authorizes the transfer of workers' compensation suits "wrongfully brought in the court of common pleas" to the Workers' Compensation Bureau.

Yet while dismissal or transfer of Ms. Stewart's claim may ultimately be appropriate, that determination must be made by the Court of Common Pleas, not this Court. This conclusion is compelled by the language of Section 1441(c)(2), properly "construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28, 31 (3d Cir. 1995). The statute mandates that the Court "shall sever… and remand" the claim at issue "upon removal." 28 U.S.C. § 1441(c)(2). This unambiguous command leaves no room for the Court to adjudicate the

claim. And "[w]here the language of the statute is plain, the sole function of the courts is to enforce it according to its terms." Rea v. Federated Inv'rs, 627 F.3d 937, 940 (3d Cir. 2010) (internal quotation marks omitted); *see also* United States v. Gregg, 226 F.3d 253, 257 (3d Cir. 2000) ("If the language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms.").

Accordingly, the Court will also sever and remand Ms. Stewart's workers' compensation claim to the Court of Common Pleas of Butler County.

In reaching this result, the Court emphasizes that it is exercising its independent duty to sever and remand claims "made nonremovable by statute," 28 U.S.C. § 1441(c)(1)(B), rather than granting the Amazon Defendants' alternative request for remand made in their response to Ms. Stewart's motion. [ECF 17 at p. 6 n.1]. This distinction, although formalistic, is noteworthy for two reasons.

First, as a procedural matter, a "request for relief included in a brief or responsive pleading is not permitted." In re WorldClass Processing, Inc., 346 B.R. 132, 136 (Bankr. W.D. Pa. 2006). Instead, "[m]otions must be filed separately from responses, briefs, etc., in order that proper notice is provided." Id.; *see also* LCvR 5.1(F) ("Each motion and each brief shall be a separate document."). That said, the concern for "proper notice" is not particularly great in this context, since the parties have all briefed the severance issue extensively and it was Ms. Stewart who first requested remand of her workers' compensation claim on these grounds (albeit only if the Court remanded her other claims as well).

Second, and more importantly, prior to the 2011 amendments to Section 1441(c)—which added the relevant language requiring severance and remand of claims "made nonremovable by statute"—numerous courts held that the nonremovability of a claim pursuant to 28 U.S.C. § 1445 was a procedural, rather than jurisdictional, defect that would be waived if not raised by the other party within 30 days of removal. 28 U.S.C. § 1447(c); *see* Shaw, 917 F. Supp. 2d at 1222 (collecting cases) ("With one exception, every circuit that has addressed the issue has held that the failure to make a timely objection waives a § 1445(c) objection to removal."); In re Norfolk S. Ry. Co., 592 F.3d 907, 911-12 (8th Cir. 2010); Vasquez v. N. Cnty. Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002); Wiley v. United Parcel Serv., Inc., 11 F. App'x 176, 177-78 (4th Cir. 2001); Feichko v. Denver & Rio Grande W. R. Co., 213 F.3d 586, 589 (10th Cir. 2000); Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783, 786–88 (5th Cir.1993); Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 117 (5th Cir. 1987); Hackworth v. Guyan Heavy Equip., Inc., 613 F. Supp. 2d 908, 913 (E.D. Ky.2009); Spellman v. United Parcel Serv., Inc., 540 F. Supp. 2d 237, 241 n. 10 (D. Me. 2008); Sandlass v. Sears, Roebuck & Co., 462 F. Supp. 2d 701, 705 (D. Md. 2006); Barber v. Pepsi–Cola Pers., Inc., 78 F. Supp. 2d 683, 694–95 (W.D. Mich. 1999); Nielsen v. Weeks Marine Inc., 910 F. Supp. 84, 87 (E.D.N.Y.1995); Ayers v. ARA Health Servs., Inc., 918 F. Supp. 143, 146–47 (D. Md. 1995); Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1424 (D. Nev. 1995); *but see* Alansari v. Tropic Star Seafood Inc., 388 Fed. Appx. 902 (11th Cir. 2010) (per curiam).

Under these holdings, the Amazon Defendants' alternative request for remand of the workers' compensation claim could possibly be waived pursuant to 28 U.S.C. § 1447(c), since it was first raised in their response brief, filed 38 days after removal on August 23, 2019.[2] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). While the issue was arguably preserved here by Ms. Stewart—since she *also* requested remand of the workers' compensation claim, and did so within 30 days of removal—she did so conditionally, explicitly requesting that the Court remand her workers' compensation claim *only* if it also remanded the others. [ECF 14 at pp. 2, 4-5].

Yet while future defendants would be well-advised to avoid such ambiguity by filing a motion for severance and remand of all eligible state-law claims immediately following removal of the entire case, the Amazon Defendants' failure to do so here does not alter this Court's independent obligation to "sever and remand" the nonremovable workers' compensation claim. 28 U.S.C. § 1441(c)(2). Indeed, as amended in 2011, Section 1441(c)(2) "seems to make a § 1445(c) objection nonwaivable," at least for all practical purposes, because "Congress now has said that, going forward, a district court 'shall' remand a claim made nonremovable by statute" upon removal. Shaw, 917 F. Supp. 2d at 1223.

In short, the 2011 amendments to Section 1441(c) have effectively transformed a waivable, statutory right belonging to the non-removing party into a non-waivable, statutory duty imposed on the Court. This change reflects the judgment of Congress, and so the Court's role is merely to enforce that judgment as it was written in the statute. *See* In re Lord Abbett Mut. Funds Fee Litig., 553 F.3d 248, 254 (3d Cir. 2009) ("The role of the courts in interpreting a statute is to give effect to Congress's intent.").

Here, as discussed, the Court is satisfied that Ms. Stewart's workers' compensation claim is made nonremovable by 28 U.S.C. § 1445(c). Accordingly, the Court finds that, under Section 1441(c), it has an independent duty to sever and remand that claim "upon removal," irrespective of whether the Amazon Defendants or any other party timely requested severance. 28 U.S.C. § 1441(c)(2).

## III. Conclusion

For all of the reasons above, Ms. Stewart's motion, which is best construed as a motion to not sever her claims, will be denied. The Court will retain jurisdiction over Ms. Stewart's federal FLSA claim and analogous Pennsylvania WPLC claim (against the Amazon Defendants), but sever and remand her workers' compensation claim (against the Amazon Defendants) and negligence claim (against the Homeowner Defendants) to the Court of Common Pleas of Butler County pursuant to 28 U.S.C. 1441(c)(2).

A corresponding order follows.

---

[2] The Amazon Defendants' notice of removal only requested severance of the negligence claim. [ECF 1 at ¶¶ 5-6].

11

DATED this 10th day of September, 2019.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge